[Crim. No. 901. Second Appellate District, Division One.—January 16, 1923.]

## THE PEOPLE, Respondent, v. GEORGE W. REYNOLDS, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE—GIVING OF LIQUORS TO PROSECUTRIX AND OTHERS—ABSENCE OF PREJUDICE.—In this prosecution for the crime of rape, it was not prejudicial error to allow the district attorney to make proof of defendant's habit of drinking liquor and of having given it to the prosecutrix and other companions to drink, the prosecutrix having been allowed to testify without objection to the fact that defendant, upon at least two occasions gave her liquor to drink; but, assuming the evidence of the giving of liquor to others was wholly irrelevant, defendant was not injured thereby.

[2] ID.—VARIANCE—PLEADING—EVIDENCE.—The objection that the defendant was held to answer for an offense other than that for which he was placed on trial was not available to the defendant at the trial, or on appeal, where the prosecution elected to rely upon an act which the prosecutrix testified occurred on a specified day at a given place, notwithstanding the prosecutrix fixed the happening of a like occurrence at another time and at a different place and on her cross-examination it was shown that at the preliminary examination she testified to but the latter occurrence.

[3] ID.—VARIANCE—REMEDY.—If the complaint in the justice's court and the commitment based thereon charged the offense as having been committed on a day different from that set forth in the information filed by the district attorney, defendant's only remedy was to move to set aside the information on the ground that he had never been legally committed for the offense as therein charged.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons, Aldrich & Heck for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of rape and appeals from the judgment of imprisonment.

It was charged in the information that defendant, on or about the twenty-eighth day of March, 1921, in the county of Kern, committed the crime referred to. The other person concerned was a girl, who, it was charged in the information, was at the time of the age of fourteen years. It was shown by the testimony of the girl in question that she had on several occasions voluntarily consented to acts of sexual intercourse with defendant. Defendant denied the charge; admitted that he was acquainted with the girl, and offered evidence to establish an alibi as to the date charged in the information. [1] The court allowed evidence to be introduced showing that upon divers occasions defendant had given the girl intoxicating liquor to drink and that he had given such liquor to others who happened at some of the times to be a part of the company present. The girl did not testify that she became intoxicated at all, and we cannot infer that such was the fact, or that her failing to show it was due to any reticence, for she testified, as the record indicates, boldly and unhesitatingly as to the facts showing her illicit relations with defendant,. and she exhibited very complete knowledge of the meaning of the terms necessary to describe the acts referred to. Appellant complains that it was highly prejudicial to his right to a fair trial to allow the district attorney to make proof of his habit of drinking liquor and of having given it to the girl and other companions to drink. It is not necessary to make a close analysis of the argument addressed to this proposition, for the record discloses that the girl was allowed to testify without objection to the fact that defendant, upon at least two occasions, gave her liquor to drink. Assuming that evidence of the giving of liquor to others was wholly irrelevant, we cannot see how defendant was injured thereby.

[2] The prosecution was allowed to prove the commission of acts of sexual intercourse separate from that which was shown to have been committed on the particular day charged in the information; this under the rule which is too familiar to require any statement as to the reason supporting it. The prosecution elected to rely upon an act which the girl testified occurred on the twenty-eighth day of March in a tent a short way from her father's house. The girl fixed the happening of a like occurrence at another time and at a place near the Kern River bridge. By the cross-examination of this witness it was shown that at the preliminary examination she had testified to but one such occurrence and had at that time fixed the act as having been committed near the bridge. Appellant's counsel insists that because of the variance his client was shown to have been held to answer for an offense other than that for which he was placed on trial. This objection was not available to the defendant at the trial, hence is not proper to be considered on his appeal. It seems to be admitted, for the contrary is not shown, that by the commitment of the magistrate the defendant was held to answer for the crime of rape which was charged to have been committed at the same time and place as the rape charged in the information filed by the district attorney. [3] But if such had not been the case, and if the complaint in the justice's court and the commitment based thereon had charged the offense as having been committed on a day different from that set forth in the information, defendant's only remedy would have been to move to set aside the information on the ground that he had never been legally committed for the offense as therein charged. (Pen. Code, sec. 995.) The discrepancies, if such there were, between the testimony of the girl given at the trial and that given at the preliminary examination were matters which the jury had a right to take into consideration for the purpose of determining her credibility, but such discrepancies would not furnish ground for the objection which appellant has argued. The information was clear in the statement of the charge as to the date, place, and other essential facts; the district attorney gave notice of his election to stand upon his proof directed to the particular date charged, and there was evidence to make out the case as claimed by the prosecution. The court was careful to advise the jury that the prosecu-

tion was required to make proof beyond a reasonable doubt of the commission of the act described on the particular day charged, and further advised the jury as to the limited effect which should be given the evidence as to the other and independent acts. The instructions, taken as a whole, clearly and fully advised the jury of the law as it applied to the case before it. No error appears from which it could be inferred that defendant has been prejudiced in his right to a fair trial.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.